BRYANT, Judge, dissenting.
*638 By requiring our trial courts to find the efficacy of SBM in curbing sex offender recidivism in order to satisfy Fourth Amendment protections against unreasonable searches in the context of SBM, the majority would impose a standard other than is required by Fourth Amendment jurisprudence. I respectfully dissent.
"The touchstone of the Fourth Amendment is reasonableness." State v. Grice , 367 N.C. 753, 756, 767 S.E.2d 312, 315 (2015) (citation omitted). "The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." State v. Grady , --- N.C. App. ----, ----, 817 S.E.2d 18, 22, No. COA17-12, 2018 WL 2206344, slip op. at 2 (N.C. Ct. App. May 15, 2018) (hereinafter " Grady II ") (quoting *343 Grady v. North Carolina , 575 U.S. ----, ----, 135 S.Ct. 1368, 1371, 191 L.Ed.2d 459, 462 (2015) (per curiam) ).
In support of its reasoning, the majority relies on this Court's 2018 Grady II opinion holding that the State failed to carry its burden of proving that SBM was reasonable. In addition to outlining categories of evidence the State failed to present (e.g., "specific interest in monitoring defendant," "general procedures used to monitor unsupervised offenders," id. at ----, 817 S.E.2d at 27 ), the Grady II majority also stated, "the State failed to present any evidence of [SBM's] efficacy in furtherance of the State's undeniably legitimate interests." Id. at ----, 817 S.E.2d at 23.
I would note that the majority in Grady II drew this conclusion in the context of a discussion of the defendant's diminished expectations of privacy. See id. at ----, 817 S.E.2d at 21-22 ("The Fourth Amendment does not protect all subjective expectations of privacy, but only those that society recognizes as legitimate." (quoting Vernonia Sch. Dist. 47J v. Acton , 515 U.S. 646, 654, 115 S.Ct. 2386, 132 L.Ed.2d 564, 575 (1995) ). The Court observed that "it [was] unclear whether the trial court considered the legitimacy of [the] defendant's privacy expectation ... [and] the extent to which the search intrude[d] upon reasonable expectations of privacy." Id. at ----, 817 S.E.2d at 24-25 (citation omitted). In regard to continuous GPS monitoring, the Grady II opinion states that "[a]lthough the State has no guidelines for the presentation of evidence at Grady hearings, ... there must be sufficient record evidence to support the trial court's conclusion that SBM is reasonable as applied to [the ] particular defendant ." Id. at ----, 817 S.E.2d at 26. On the record before it, the Court observed that "the State presented no *639 evidence of [the] defendant's current threat of reoffending and ... the circumstances of his convictions d[id] not support the conclusion that lifetime SBM [was] objectively reasonable." Id.
In the absence of evidence describing the defendant's likelihood of recidivism, the Court turned its focus to whether the State presented "any evidence concerning its specific interests in monitoring [the] defendant." Id. at ----, 817 S.E.2d at 27. The Court noted that "the State failed to present any evidence of [SBM's] efficacy in furtherance of the State's undeniably legitimate interest," in opposition to the defendant's proffer of "multiple reports ... rebutting the widely held assumption that sex offenders recidivate at higher rates that other groups." Id. at ----, 817 S.E.2d at 27-28. While the Grady II Court majority concluded "that the State failed to carry its burden," id. , the Court did not state or imply that the State's burden of proof to establish that SBM was reasonable included establishing the efficacy of SBM in curbing sex offender recidivism for every SBM case; it was simply a consideration amongst the totality of the circumstances.
In the instant case, the majority bases the reasonableness of the SBM search of defendant Griffin solely on its holding that the State presented no evidence of the efficacy or effectiveness of the program.[7] Such reasoning unnecessarily imposes upon trial courts a standard other than that which is required by Fourth Amendment jurisprudence: to determine whether a search is reasonable based on "the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." Id. at ----, 817 S.E.2d at 22 (quoting Grady , 575 U.S. at ----, 135 S.Ct. at 1371, 191 L.Ed. 2d at 462 ). Further, by making that standard a necessary finding, as opposed to the broader standard which considers a defendant's expectation of privacy and the extent to which the search intrudes upon reasonable expectations of privacy, the majority forecloses the ability of the trial court to determine the reasonableness of a search based on the totality of circumstances.
*344 Having disagreed with the majority's opinion that the holding in Grady II is based on lack of evidence of the efficacy of the SBM program, I must note that the record in the instant case does contain such evidence. In the record proper is a document entitled "Memorandum In Support of The Reasonableness of [SBM]." The memo outlines empirical *640 evidence and argument as to the statistical likelihood that a sex offender would be a recidivist. However, this evidence would likely not meet the majority's standard which seems to require statistical data on the recidivism rates of North Carolina offenders in order to determine the efficacy of the SBM program.
As I noted in my dissent in Grady II , while the presentation of evidence regarding the rate of recidivism by sex offenders "may be a valid legislative argument, I do not believe it to be a persuasive argument that defendant's participation in the SBM program, when viewed as a search, was unreasonable." Id. at ----, 817 S.E.2d at 31 n.11.
For the reasons stated above, I respectfully dissent.

"We hold that because the State failed to present any evidence that SBM is effective to protect the public from sex offenders, this Court's decision in Grady II compels us to reverse the trial court's order requiring Defendant to enroll in SBM for thirty years."